IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV473-01-MU

| | |
|---|---|
| ROBERT H. DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DAVID MITCHELL, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983, filed October 2, 2008.

In his Complaint Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs. More specifically, Plaintiff alleges that his "dry cough was emergent and [Defendant Presnell] denied it as such." Plaintiff further asserts that "[t]here was no complaints about the lungs for it was my heart that was skipping." Plaintiff seeks a preliminary injunction, permanent injunction, two-hundred thousand dollars in punitive damages, and two-hundred thousand dollars in compensatory damages.

As an initial matter, the Court concludes that Plaintiff fails to state a claim against David Mitchell, the Superintendent of Mountainview Correctional Institution, because supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See <u>Fisher v. Washington Metropolitan Area</u>

Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not ascribe any act or omission whatsoever to Defendant Mitchell and as such he has not satisfied this criteria and he has failed to state a claim against Defendant Mitchell.

Nor has Plaintiff stated a claim against Defendant Presnell, a nurse at Mountainview Correctional Institution. To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estelle, 492 U.S.97 (1976). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Applying the above law to Plaintiff's allegations,[1] this Court holds that Plaintiff has not met his burden in stating a claim of deliberate indifference to a serious medical need. As an initial

---

[1] Plaintiff attaches a grievance to his Complaint concerning his apparent desire to have surgery. This grievance does not appear to be related to any actions by the defendants in this matter or connected in any way to the medical condition complained of by Plaintiff. Moreover, this grievance was submitted in an earlier case that was dismissed. (1:08cv444).

matter, it is not entirely clear that the medical condition at issue rises to the level of "serious medical condition." In any event, Plaintiff's claim fails, at a minimum, because based upon his own allegations and submissions it appears that in response to his medical complaint concerning a cough and a feeling that his heart was skipping, he was examined by medical staff on four occasions in the course of approximately three weeks and that certain medical actions were taken.[2] Plaintiff's dissatisfaction over the specifics of his exams and the medical decisions made does not rise to the level of a constitutional violation.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be based.

Signed: October 9, 2008

Graham C. Mullen
United States District Judge

---

[2] It appears that Defendant Presnell may have only examined Plaintiff on March 17, 2008, in response to Plaintiff's declaration of a medical emergency.